UNITED STATES of America, Plaintiff,

v.

Daniel E. MONNAT, and Monnat & Spurrier, Chartered, Defendants.

No. 93–1326–PFK.

United States District Court, D. Kansas.

May 27, 1994.

Randall K. Rathbun, U.S. Atty., Wichita, KS and Rachel Cramer, Trial Atty., Tax Div.,

U.S. Dept. of Justice, Washington, DC, for plaintiff.

John J. Ambrosio, Topeka, KS, Garvin A. Isaacs, Oklahoma City, OK, and Robert C. Fogelnest, New York City, for defendants.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

In this case, the government, pursuant to 26 U.S.C. § 6050I(a), moved to enforce its subpoena which sought to discover the identity of defendant Monnat's client.

On January 13, 1994, following hearing on the matter, the court entered its memorandum and order which suspended decision pending the receipt of findings and conclusions of the federal court's Committee on Attorney Conduct, 853 F.Supp. 1301. Thereupon, the court referred the matter to said committee for findings and conclusions.

The committee, following a full review, filed its report with the court, copy of which is attached hereto.

In sum, the committee concludes as follows:

(a) The identity of a client typically is not confidential, but there are circumstances where the client's identity may be confidential. A lawyer may and should consult with the client concerning any limitations imposed by law on the lawyer's ability to fulfill a client's expectation, such as an expectation of the client that his identity will be kept confidential, and IRC § 6050I is such a limitation on the cash-paying client's expectation of confidentiality.

(b) A lawyer may not provide advice for purposes of evading the statute, but may provide advice for the purpose of enabling the client to make informed decisions concerning the representation, including maintaining confidentiality of the lawyer-client relationship violating the statute, or where a good faith basis for doing so exists, contesting the obligation to comply.

(c) A lawyer does not act unethically by complying with Section 6050I or an order of court directing compliance because he is permitted under Rule 1.6(b) to disclose otherwise confidential information when he reasonably believes disclosure is required by law or order of court.

(Report of Committee on Conduct of Attorneys, pp. 1308-1309.)

The court shared the report with the litigants' counsel for comments. During the interim, defendant Monnat, through his counsel, advised the court that he has fully complied with the requisites of the Act and has fully completed and filed IRS Form 8300.

The court conferred with counsel for the litigants, particularly in the interest of ascertaining if the United States is satisfied with defendant's response; the government's counsel so confirms.

Given the foregoing developments, and with concurrence of counsel, it is determined that this matter is now moot and the case should be and is hereby dismissed with prejudice.

IT IS ACCORDINGLY ORDERED that this matter be dismissed with prejudice.

## ATTACHMENT

## REPORT OF COMMITTEE ON CONDUCT OF ATTORNEYS

By Memorandum and Order dated January 13, 1994, Chief Judge Kelly requested that the Court's Committee on the Conduct of Attorneys undertake a study of the ethical ramifications of imposing on lawyers a duty to maintain the confidentiality of information relating to the representation of a client under Rule 1.6 of the Model Rules of Professional Conduct and a duty to report information to the Internal Revenue Service under 26 U.S.C. § 6050I. This section of the Internal Revenue Code requires a person engaged in a trade or business who receives a cash payment of more than $10,000 in a transaction or series of related transactions to report that fact to the IRS, together with the nature of the transaction and the name, address, and taxpayer identification number of the person giving the cash. Lawyer-client transactions are not exempted from the statute, but they are not its only target. Section 6050I is a limitation on the right to use cash in excess of the specified amount to procure

*any* goods or services without generating a written report on IRS form 8300.

While Chief Judge Kelly authorized the Committee to interview witnesses or otherwise seek more facts, his Memorandum also states that the material facts are simple and essentially uncontroverted, so we have based our review only on those facts. The defendant in this case, attorney Daniel E. Monnat, received $16,000 in cash from a client. He filed an IRS Form 8300 reporting a $16,000 cash transaction, but omitted the name, address, and taxpayer identification number of the client. Mr. Monnat's client has not given consent to disclosure of any information pursuant to Rule 1.6 of the Model Rules of Professional Conduct, as adopted in the state and federal courts of Kansas, which provides in pertinent part:

> (a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraph (b).
>
> (b) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
>
> \* \* \* \* \* \*
>
> (2) to comply with requirements of law or orders of any tribunal. . . .

In addition to the duty to maintain client confidences, a lawyer's conduct when confronted with situations involving Section 6050I is also significantly affected by the duty to fully inform and competently represent the client and the duty to obey the law. The following discussion is limited to these three issues. We have deemed it solely Chief Judge Kelly's province to determine whether and how the ethical considerations involved might affect any arguments of the parties on constitutional law issues concerning the validity of the statute generally or as applied.

### 1. *Confidentiality of the Client's Identity and Means of Payment.*

We begin our analysis by discussing, but not resolving, the question of whether and when a lawyer has a duty to preserve the confidentiality of a client's identity and means of payment under Model Rule 1.6. As noted by Judge Kelly's Memorandum and Order at page 3, there is substantial authority for the rule that identity of a client and the method of payment of the attorney generally are not confidential and privileged information. On the other hand, Judge Kelly states at page 6, that "It is clear to this court that if and when a client consults with an attorney, retaining him for whatever purpose, the canons mandate that the client's very identity must be preserved." Because factual circumstances may vary, it appears to us that there is no "bright line" test that is always determinative. The name and means of payment of a client are not always public information and not always confidential and privileged.

If a client has been represented by a lawyer for years, has introduced the lawyer to friends and acquaintances as such, or perhaps has retained the lawyer to handle a public matter like a court appearance, the client's identity is hardly confidential. On the other hand, there are cases where the identity of the client is highly sensitive or where knowledge of the client's financial resources would materially benefit an adverse party and must be confidential. Knowing that a client has retained a lawyer or firm with a particular practice specialty or in a particular geographic location may indicate whether the client is a likely bidder on a particular contract or property or is about to engage in a merger, for example. The mere fact of consultation with a lawyer may imply personal, family, marital, criminal, or financial problems of a sensitive, private nature. The client, therefore, may rightly expect his name and finances to be kept confidential as an ethical duty under Rule 1.6 in some circumstances and in others he may not. In 1 Hazard & Hodes, *The Law of Lawyering* § 1.6:105 (1993), the authors note that the client's name has been held confidential in a case where the lawyer was retained to conduct anonymous plea bargaining prefatory to the client's surrender and confession and where the information would be the "last

link" in the evidence necessary to incriminate the client.

## 2. *Consulting with the Client.*

The first duty of a lawyer set forth in Rule 1.1 of the Model Rules is to represent the client competently. Rule 1.4(b) provides that, "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make an informed decisions regarding the representation." A lawyer must "abide by a client's decisions concerning the lawful objectives of the representation." (Rule 1.2) Finally, a lawyer must withdraw from a representation if the representation will "result in a violation of the rules of professional conduct or other law," or if "the client persists in a course of action involving the lawyer's services the lawyer reasonably believes is criminal or fraudulent." (Rule 1.16(a)(1) and (4)) The following discussion applies these rules to cash transaction reporting requirements under IRC Section 6050I.

What should a lawyer do to discharge his ethical obligations when a client proposes to make a cash payment in excess of $10,000? An argument can be made that he should take it and report it to IRS and need not explain anything to the client. Section 6050I makes the reporting obligation absolute and applies it across the board to any trade or business recipient. Subsection (f) of the statute is entitled "STRUCTURING TRANS-ACTIONS TO EVADE REPORTING RE-QUIREMENTS PROHIBITED." It provides:

(1) IN GENERAL. No Person shall for the purpose of evading the return requirements of this section—

(A) cause or attempt to cause a trade or business to fail to file a return required under this section,

(B) cause or attempt to cause a trade or business to file a return required under this section that contains a material omission or misstatement of fact, or

(C) structure or assist in structuring, or attempt to structure or assist in struc-

turing, any transaction with one or more trades or businesses.

In other words, Section 6050I(f)(1)(A) and (B) makes it unlawful (and criminal if the violation is willful) for the client to ask the lawyer not to file a Form 8300 information return or to file an incomplete return. It also is illegal and perhaps criminal under (C) for the client to seek, or for the lawyer to give, advice as to how one may dispose of more than $10,000 in cash without reporting it. Since the lawyer need follow only lawful instructions of the client, cannot participate in a representation of a client which will result in a violation of law or a course of action the lawyer reasonably believes is criminal or fraudulent, and may disclose information about the client as necessary to comply with law, there arguably is no ethical violation in this course of conduct. *See also* Rule 4.1(b).

We believe, however, that the lawyer may and should do more to assist the client in understanding the law and his lawful alternative courses of action. A lawyer is obligated by Rule 1.4(b) to explain the matter to the extent necessary to enable the client to make informed decisions concerning the representation. Rule 1.2(e) is also relevant. It provides:

When a lawyer knows that a client expects assistance not permitted by the rules of professional conduct or other law, the lawyer shall consult with the client regarding the relevant limitations on the lawyer's conduct.

Thus, when a lawyer has reason to believe the client expects his identity to be kept confidential but also expects to pay in cash amounts over $10,000, the client is expecting assistance that may not be permitted by law, and the lawyer should consult with the client concerning the limitations imposed by Internal Revenue Code Section 6050I. The lawyer may inform the client that if he elects to pay the lawyer cash in excess of $10,000, the receipt of the cash and the client's identity must be reported to the Internal Revenue Service. The lawyer should inform the client that he cannot give advice as to how to invest, deposit, spend, or otherwise dispose

of more than $10,000 in cash for purposes of evading the reporting requirement.[1]

Although no longer stated in so many words, the principle of Cannon 7 of the old Code of Professional Responsibility, that a lawyer shall represent his client zealously within the bounds of the law, carries over into the Model Rules. As interpreted by the courts, the purpose and effect of IRC Section 6050I is to take from the *client* the right to acquire *any* goods or services from any trade or business for cash in excess of $10,000 without being reported by the recipient. The statute prohibits anyone, including the *client*, from asking the recipient not to report cash changing hands. In one of the court of appeals decisions cited in Chief Judge Kelly's Memorandum and Order, *United States v. Goldberger & Dubin*, P.C., 935 F.2d 501, 504 (2d Cir.1991), the court said:

> Section [6050I] does not preclude would-be clients from using their own funds to hire whomever they chose. To avoid disclosure under section [6050I], they need only pay counsel in some manner other than with cash. The choice is theirs....

*Quoted in United States v. Ritchie*, 15 F.3d 592, 1994–1 CCH Stand.Fed.Tax Rep. ¶ 50,-076 at p. 83,317 (6th Cir.1994). In *Ritchie*, the court went on to state:

> Although a good argument can be made that citizens should have the right to pay for services in cash without inviting the eyes of government to scrutinize their financial affairs, we have searched in vain to find support for the proposition that there is a constitutionally protected liberty interest in spending large amounts of cash without having to account for it.

Absent a superseding constitutional right, Congress has deprived the client of any right to engage in secret cash transactions of the specified magnitude that may be asserted within the bounds of the law. Whether Section 6050I's "paper trail" requirements are constitutionally infirm as applied to the right to counsel, freedom from self-incrimination, or other constitutional right is beyond the scope of this committee report.[2]

### 3. Effect of Court Ordered Disclosure.

In addition to the general ethical considerations raised by a statute requiring lawyers to report their clients' identities and financial transactions to the government, Chief Judge Kelly expressed concern that the government in this action is directly asking the court to order a lawyer to commit an unethical act— to breach a client's expectation of confidentiality. We conclude that Rule 1.6(b)(2), as cited by the Court's Memorandum and Order, resolves this issue.

When an apparent conflict between Rule 1.6 and some other law cannot be satisfactorily mitigated or avoided, it is permissible to seek an interpretation or application of a law in good faith. It is also permissible to comply with the ultimate outcome. Model Rule 1.6(b)(2) provides that a lawyer may reveal confidential information relating to the repre-

---

1. Subsection 6050I(f) is perhaps the most chilling provision of the statute on the lawyer-client relationship because even mentioning of the existence of Section 6050I or informing the client of the effect of cash payment on confidentiality could create a risk of criminal prosecution for the lawyer based on inferences from the client's subsequent conduct. A client also might be tempted to use what the lawyer did or didn't say about "structuring" transactions to evade this statute or its bank currency transaction report counterpart, 31 U.S.C. § 5313(a) and 5324, as a defense to such a charge. In *Ratzlaf v. United States*, —— U.S. ——, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994), the Supreme Court held that criminal "structuring" to evade bank reporting requires proof not only of breaking up reportable amounts into smaller transactions so they would not be reported, but also requires proof that the defendant knew structuring was unlawful. In *United States v. Rogers*, 18 F.3d 265 (4th Cir.

1994), *Ratzlaf* was held controlling under § 6050I. Giving no more and no less advice than is appropriate to comply with the statute (and documenting it for the attorney's files) may be difficult and burdensome and perhaps risky, but is not inherently impossible.

2. The client's use of the banking system or other means of payment may result in the filing of report of cash received by someone other than the attorney. This may create a paper trail which, if pursued by the government, would disclose the payment to the attorney and thus the attorney-client relationship. In that case, however, the attorney has not reported his own client or breached a confidence he undertook. The issue presented by these facts is not one of legal ethics, but of the client's right to obtain legal counsel with complete confidentiality and no paper trial for the government.

sentation of a client to the extent he reasonably believes necessary to comply with law or orders of a tribunal. The ABA committee comments to this rule state that: "Whether another provision of law supersedes Rule 1.6 is a matter of interpretation beyond the scope of these rules, but a presumption should exist against such a supersession." While the lawyer is permitted by ethics rules to disclose information based on a reasonable belief that disclosure is required, a lawyer may take, and may well be obligated to take, reasonable steps to assert confidentiality and obtain a determination of whether the other law or Rule 1.6 prevails. If disclosure is required by law, it is never unethical under Rule 1.6(b) to comply with the law.

***Summary and Conclusion.*** In summary, the committee is of the opinion that:

(a) The identity of a client typically is not confidential, but there are circumstances where the client's identity may be confidential. A lawyer may and should consult with the client concerning any limitations imposed by law on the lawyer's ability to fulfill a client's expectation, such as an expectation of the client that his identity will be kept confidential, and IRC § 6050I is such a limitation on the cash-paying client's expectation of confidentiality.

(b) A lawyer may not provide advice for purposes of evading the statute, but may provide advice for the purpose of enabling the client to make informed decisions concerning the representation, including maintaining confidentiality of the lawyer-client relationship violating the statute, or where a good faith basis for doing so exists, contesting the obligation to comply.

(c) A lawyer does not act unethically by complying with Section 6050I or an order of court directing compliance because he is permitted under Rule 1.6(b) to disclose otherwise confidential information when he reasonably believes disclosure is required by law or order of court.

Respectfully submitted,

Committee on Conduct of Attorneys

By: /s/   John A. Emerson
John A. Emerson, Chairman
Mark A. Bennett, Jr.
Leo L. Logan
J. Thomas Marten
James D. Oliver
Frank Saunders, Jr.
R. Kent Sullivan